IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 26-0998 (BAH) |

**FOURTH JOINT STATUS REPORT**

Pursuant to the Court's October 2, 2026 Minute Order, Plaintiff, Citizens for Responsibility and Ethics in Washington, and Defendant U.S. Department of Homeland Security ("Defendant")[1] (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

This case concerns Plaintiff's February 13, 2026 Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), requests seeking records related to the alleged "tracking and surveillance of protesters." *See* Compl. (ECF No. 1) ¶ 1. Plaintiff filed this action on March 23, 2026, *see id*. and Defendant filed its answer on June 17, 2026, *see* Answer (ECF No. 10).

**Defendant's updates:**

Defendant, on behalf of Department of Homeland Security Headquarters ("DHS-HQ") reports the following: DHS-HQ reports that it is has completed its search for records. DHS-HQ

---

[1] DHS operates a decentralized FOIA system, where each component manages its own FOIA request. While DHS is the only named Defendant, this Answer is inclusive of feedback from U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE").

has located 2,992 pages of potentially responsive records. DHS-HQ estimates that it can process these records at a rate of 500 pages a month. DHS-HQ has begun processing and intends to make its first interim production by the next JSR. DHS-HQ intends to continue releasing productions on a monthly basis.

Defendant, on behalf of CBP reports the following: CBP is an agency made up of different components and divisions. Plaintiff's FOIA request is a complex request. When a complex request is made, our FOIA Division will task the search to the components and divisions they, as records experts, feel are most likely to have the responsive records. If the department or component tasked with the search thinks it is reasonably likely that another department or component may have responsive records, the department or the component notifies the FOIA Division of the other potential record custodian. In a good faith effort, the FOIA Division then tasks a supplemental or follow up search to that newly identified component or division depending on the nature and complexity of the request. Thus far, the FOIA Division, in a good faith effort to ensure that the search is reasonably calculated to locate all the responsive documents has tasked this search to more than 7 different department or components, all of which have performed a search for records. Although Defendant CBP thought the search would be fully completed by this JSR, Defendant CBP will need 30 more days to follow up on newly identified leads to ensure an adequate search has been conducted.

Once the search is finalized, CBP estimates that it can process any potentially responsive material located in the search at the rate of 500 pages per month. CBP endeavors to make its first release on or before January 15, 2027.

Defendant, on behalf of ICE reports the following: Defendant ICE FOIA, following completion of its internal coordination efforts with regards to possible concurrent and overlapping

litigations against the agency, has tasked out searches to 7 components with a request for a rapid deadline. Although Defendant ICE thought the searches would be fully completed by this JSR, these deconfliction efforts, combined with the complex nature and search targets of the request, has resulted in an unanticipated delay. Defendant ICE will need 30 more days to finalize all searches and ensure an adequate search has been conducted.

Defendant, on behalf of USCIS reports the following: USCIS responded to this request on or about May 13, 2026, advising that any responsive records would not be under the purview of USCIS and that USCIS referred the request to DHS.

**<u>Plaintiff's Response:</u>**

Plaintiff appreciates that DHS has completed its search and proposed a processing rate and deadline for first interim production.

Plaintiff appreciates that CBP has nearly completed its search and proposed a processing rate and timeline for first interim production.

In the parties' first joint status report, filed July 1, 2026, ICE reported that it anticipated searches being completed "within 30 days." *See* ECF no. 11. In the parties' second JSR, filed August 14, 2026, ICE reported that "ICE is in the process of conducting searches, however due to potential overlap of the underlying topics with separate civil litigations, anticipates needing addition time to coordinate internally. Absent unexpected circumstances, ICE will complete its search by the next status report." *See* ECF no. 13. In the parties' third JSR, filed October 1, 2026, ICE did not report any unexpected circumstances, but reported that it needed additional time and expected to complete its search by the next status report. *See* ECF no. 15. Yet despite initially estimating that the search would be complete on or around July 31, the search is still not complete. As Plaintiff stated in the parties' last JSR, given "ICE's lack of progress towards completing an

initial search since this case was filed, as reflected in . . . ICE's portions of the JSRs, Plaintiff intends to seek Court intervention requiring . . . ICE to complete initial searches if those searches are not completed by the time of the next JSR." *See id*. Plaintiff therefore respectfully request that this Court order ICE to complete its initial search by the time of the parties' next JSR in 32 days. This request should not be burdensome to ICE, as ICE itself estimates that it needs 30 days to complete this search, and intended solely to prevent further delay.

**The parties' position:**

In light of these updates, the Parties believe it is premature to set a briefing schedule at this time. The Parties propose that they file a joint status report in approximately 32 days, on or before December 4, 2026, to apprise the Court on the status of Defendant's processing of Plaintiff's FOIA requests.

Dated: November 2, 2026

Respectfully submitted,

*s/ Lauren C. Bingham*
Lauren C. Bingham (D.C. Bar No. 90043462)
Kayvan Farchadi (D.C. Bar No. 1672753)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
lbingham@citizensforethics.org
kfarchadi@citizensforethics.org

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar 144466
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-7269

*Attorneys for the United States of America*